**Deanna CHEENEY, Plaintiff–Appellant,**

v.

**HIGHLAND COMMUNITY COLLEGE, Defendant–Appellee.**

**Michael BREDBERG, Plaintiff–Appellant,**

v.

**ROCK FALLS TOWNSHIP HIGH SCHOOL, Defendant–Appellee.**

**Nos. 93–2184, 93–2301.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 29, 1993.

Decided Jan. 21, 1994.

**80**

Brian Reese, Sasha S. Jonic (argued), Reese & Reese, Rockford, IL, for plaintiffs-appellants.

Peter D. McClanathan, Woodruff A. Burt (argued), Schmelzle & Kroeger, Freeport, IL, for Highland Community College.

Frank B. Garrett, III (argued), Everett E. Nicholas, Robbins, Schwartz, Nicholas, Lifton & Taylor, Chicago, IL, for Rock Falls Tp. High School.

Before POSNER, Chief Judge, and LAY * and EASTERBROOK, Circuit Judges.

LAY, Circuit Judge.

Deanna Cheeney and Michael Bredberg contend that the district court erred in dismissing their claims made pursuant to the Rehabilitation Act of 1973 (the "Act"), 29 U.S.C. §§ 701–797b (1988 & Supp. IV 1992). The plaintiffs allege that they suffered from disabilities within the meaning of § 706(8)(B) of the Act. The Act prohibits institutions that receive federal financial assistance from discriminating against otherwise qualified individuals solely because of their disability. *See id.* § 794(a). The district court dismissed the plaintiffs' claims as time barred. *See* 819 F.Supp. 749 (N.D.Ill.1993). On appeal, the plaintiffs contend that the statute of limitations for their federal claims was tolled upon their filing of claims with the Illinois Department of Human Rights. We affirm.

I.

Deanna Cheeney was enrolled as a student in the Highland Community College's ("Highland") nursing program from the fall of 1987 through the fall of 1990. Cheeney is disabled with lupus. Highland knew of Cheeney's disability and regarded her as having an impairment. During her enrollment, Cheeney received excellent grades and good reviews of her clinical performance. She successfully fulfilled the program requirements as an otherwise qualified disabled person.

Cheeney alleges that Highland discriminated against her in a number of ways. She claims that she was singled out for educational interrogation over course materials in an attempt to fabricate pretextual grounds for dismissing her from the program. Cheeney also contends that her dismissal on November 18, 1990, three weeks before her completion of the program, was based upon pretextual grounds of incompetence and unsafe performance. Finally, Cheeney claims that Highland wilfully and intentionally disregarded her statutory rights by dismissing her from the program solely because of her disability. Cheeney filed a claim of discrimina-

* The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

tion on December 17, 1990, with the Illinois Department of Human Rights. *See* Ill. Comp.Stat. ch. 775 (West 1992). While that action was pending, Cheeney brought suit in federal court on January 20, 1993, purportedly because of lack of progress in the administrative action.

Michael Bredberg's appeal was consolidated with Cheeney's. He was hired in August of 1981 as a custodian by Rock Falls Township High School ("Rock Falls"). Rock Falls knew that Bredberg had cerebral palsy. Bredberg maintains that he was capable of performing his job duties in an acceptable manner consistent with the standards of Rock Falls. Rock Falls discharged Bredberg on March 1, 1990, based upon allegations of poor performance. On March 8, 1990, he filed a complaint with the Illinois Department of Human Rights alleging disability discrimination. Because of lack of progress in that action, which is still pending, Bredberg brought suit in federal court on April 5, 1993, claiming a violation of the Act.

Highland and Rock Falls moved to dismiss the respective complaints, claiming that each complaint was filed more than two years after the latest date of the alleged discrimination. In dismissing Cheeney's complaint, the district court noted that because the Act does not establish a statute of limitations or any tolling procedures, the court borrows the applicable state provisions. The parties do not dispute that the two-year statute of limitations governing personal injury suits in Illinois applies to claims brought under the Act. *See Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 933 (7th Cir.1993), *petition for cert. filed*, No. 93–5574 (Aug. 9, 1993). On this basis, the district court concluded that both actions were time barred and granted Highland's and Rock Falls' motions to dismiss. Cheeney and Bredberg appeal.

## II.

■ On appeal, the plaintiffs assert that their complaints were timely filed in federal court because the statute of limitations was tolled during the pendency of the administrative proceedings. They argue that it is the policy of the federal courts to encourage aggrieved persons to utilize state procedures before appealing to the federal courts, and that tolling in this situation furthers the legislative intent of and the purposes underlying the Act.[1]

■ As this court noted in *Bush*, in borrowing statutes of limitations for federal civil rights cases, the courts should look to state statutes governing personal injury suits. *See Bush*, 990 F.2d at 933; *see also Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). The courts

1. The Plaintiffs rely predominantly on *Mizell v. North Broward Hospital District*, 427 F.2d 468 (5th Cir.1970), and *Hutchings v. Erie City and County Library Board of Directors*, 516 F.Supp. 1265 (W.D.Pa.1981). In *Mizell*, the plaintiff brought suit under the Civil Rights Act alleging a violation by the hospital district and certain doctors in suspending his surgical privileges and refusing to reinstate him. The court noted that the underlying purpose of the Civil Rights Act would be furthered by encouraging the use of state administrative and court procedures to pursue state-created causes of action before requiring plaintiffs to bring suit in federal court. *Mizell*, 427 F.2d at 474. Although the *Mizell* court reversed the district court's dismissal of the case on statute of limitations grounds, it did not hold that tolling was appropriate. Rather, it remanded the case to the district court to determine if the standard for tolling was applicable. *Id.* Furthermore, the reasoning of the *Mizell* court was effectively overruled in *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). In *Tomanio*, the Supreme Court held that when Congress does not establish

a statute of limitations, the courts "borrow" state statute of limitations and tolling rules, and that in most cases they are binding rules of law. *Id.* at 483–84, 100 S.Ct. at 1795.

Similarly, *Hutchings* does not assist the plaintiffs because it is at odds with Seventh Circuit precedent. The plaintiff in *Hutchings* initiated a state administrative proceeding and subsequently filed a claim in federal court alleging discrimination in violation of the Rehabilitation Act and the Civil Rights Act. The defendant filed a motion to dismiss, arguing that the plaintiff's claim was barred by Pennsylvania's two-year statute of limitations. *Hutchings*, 516 F.Supp. at 1267. Although the court indicated that it would toll the statute of limitations period during the pendency of the plaintiff's administrative proceedings, it did not have to reach this issue because it found that the plaintiff's action under the Act was not time barred. *Id.* at 1270–71. Regardless, this court has held in *Andrews v. Consolidated Rail Corp.*, 831 F.2d 678 (7th Cir.1987), that pursuit of administrative remedies does not toll the statute of limitations for claims under the Act. *Id.* at 683–84.

must also refer to state rules for tolling the statute of limitations. *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). It is unclear whether Illinois common law recognizes equitable tolling. *Compare Charleston Community Unit Sch. Dist. No. 1 v. Illinois Educ. Labor Rel. Bd.,* 203 Ill.App.3d 619, 149 Ill.Dec. 53, 54–55, 561 N.E.2d 331, 332–33 (1990) (noting that "tolling may occur when equity so requires"), *appeal denied,* 136 Ill.2d 542, 153 Ill.Dec. 371, 567 N.E.2d 329 (1991) *with Stanger v. Felix,* 97 Ill.App.3d 585, 52 Ill.Dec. 933, 422 N.E.2d 1142 (1981) (a statute of limitations is not tolled unless a statute expressly so provides). The plaintiffs apparently concede, however, that Illinois law contains no applicable tolling provision.

■ Furthermore, pursuit of an administrative remedy unrelated to a later filed federal claim does not toll the statute of limitations for the federal claim. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465–66, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1975); *Andrews v. Consolidated Rail Corp.,* 831 F.2d 678, 683–84 (7th Cir.1987). The plaintiffs could have filed suit under the Act anytime within the two-year statute of limitations. Federal law does not require that they exhaust their administrative remedies. Because the statute of limitations in Illinois for claims under the Act is two years and the period is not tolled under Illinois law, the plaintiffs' claims were properly dismissed as time barred.

Based on the foregoing, we affirm the judgment of the district court.