32 F.3d 570
 93 Ed. Law Rep. 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Christine A. RUH, Plaintiff-Appellant,
v.
Stephen B. SAMERJAN, Board of Regents of the University of
Wisconsin System, Katherine Lyall, Clifford Smith, John
Schroeder, Martha Bulluck, University of
Wisconsin-Milwaukee, and University of Wisconsin System,
Defendants-Appellees.
 No. 93-1799.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided Aug. 1, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, District Judge.**
 
 ORDER
 
 2
 Christine Ruh appeals from the dismissal of her civil rights action filed pursuant to 42 U.S.C. Sec. 1983. In her second amended complaint, she contends that Stephen Samerjan, an art professor at the University of Wisconsin-Milwaukee ("UWM"), retaliated against her after she complained to him about their previous intimate relationship. Allegedly, he failed to attend scheduled appointments, gave her lower grades than she thought she deserved, and criticized her in a demeaning manner. Furthermore, she alleges that Samerjan's reading of the complaint she filed with the university to the Executive Committee of the UWM Art Department defamed her and constituted yet another act of discrimination and harassment. The remaining defendants [hereinafter "university defendants"] are charged with failing to investigate and process her formal complaints against Samerjan in violation of Title IX, 20 U.S.C. Secs. 1681-1688, and the Equal Protection Clause. Finally, all the defendants are charged with negligently or intentionally inflicting emotional distress upon Ruh due to their failure to address her complaints. Ruh raises four issues on appeal. Reviewing the motion to dismiss de novo, Hinnen v. Kelly, 992 F.2d 140, 142 (7th Cir.1993), we affirm.
 
 
 3
 First, Ruh contends that her suit against the defendants in their official capacities for monetary relief was improperly dismissed because the defendants are agents of the Board of Regents, a corporate entity capable of being sued.[1] See Wis.Stat. Sec. 36.07(1) (1991-92). It is well-established, however, that state officials are not "persons" for the purposes of Sec. 1983 where the relief sought is monetary in nature. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989); cf. Lett v. Magnant, 965 F.2d 251, 255 (7th Cir.1992) (state official named in his official capacity is person under Sec. 1983 when sued for injunctive relief because such action is not against the State). Moreover, Wisconsin courts have explicitly stated that the Board is not an independent going concern amenable to suit for monetary damages. Graney v. Board of Regents, 286 N.W.2d 138, 141 (Wis.Ct.App.1979); see also 1908 Wis.Op.Att'y Gen. 871 ("The board of regents is not a private corporation ... and acts merely in the capacity of an agent").
 
 
 4
 Second, Ruh's contention that the district court erroneously applied Wisconsin's six year statute of limitations to bar her entire cause of action misconstrues the district court's order. Wis.Stat. Sec. 893.53 (1991-92); Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 494 U.S. 1029 (1990). The court ruled that her first claim, alleging that her intimate relationship with Samerjan constituted sexual harassment and discrimination, was time barred. Even if Ruh's complaint can be construed to raise such a claim, and we question whether it does, Ruh's relationship with Samerjan ended in November 1984. Since she did not file her complaint until December 1992, the district court properly dismissed the claim.
 
 
 5
 Third, contrary to Ruh's belief, to pursue an equal protection claim under Sec. 1983, she must allege facts to show that the university defendants intentionally mishandled her complaints because she was female. Trautvetter v. Quick, 916 F.2d 1140, 1149 (7th Cir.1990) ("a plaintiff wishing to sustain an equal protection claim of sexual harassment must show both "sexual harassment" and an "intent" to harass based upon that plaintiff's membership in a particular class of citizens--i.e., male or female"). Although Ruh contends that the university defendants failed to investigate her sexual harassment complaints, none of the factual allegations in the complaint remotely suggest that the university defendants' actions were motivated by either party's gender.
 
 
 6
 Ruh also asserts that the district court erroneously required proof of her membership in a particular class to sustain her due process claim. The district court, however, never discussed a due process violation because Ruh's complaint, even liberally construed, cannot be read to raise such a claim. Although Ruh alleges in her complaint that the university defendants failed to conduct timely and thorough investigations of her sexual harassment claims, she consistently advances these allegations in the context of her sexual discrimination and Title IX claims only. Complaint, paragraphs 7, 15, 17, 19, 20.
 
 
 7
 Because Ruh's federal claims are without merit, the district court acted within its discretion in dismissing the pendent state tort claims pursuant to 28 U.S.C. Sec. 1367(c)(3).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Ruh also contends that the district court erroneously dismissed her Sec. 1983 claim for failure to comply with Wisconsin's notice of claim statute, Wis.Stat. Sec. 893.82(3). She is incorrect. The notice of claim defense was discussed in the context of Ruh's pendent state claims, not her federal claim