**Wallace Kim ALLRED, Plaintiff,**

v.

**SOLARAY, INC. and Nutraceutical Corporation, Defendants.**

No. 1:95CV–0124S.

United States District Court,
D. Utah,
Northern Division.

July 21, 1997.

Mary J. Woodhead, Salt Lake City, UT, Jensie L. Anderson, Salt Lake City, UT, for Plaintiff.

J. Michael Hansen, Claudia Berry, Suitter, Axland & Hanson, Salt Lake City, UT, for Defendants.

## AMENDED ORDER

SAM, Chief Judge.

### I.  Background

Wallace Kim Allred brought this action against his former employer and its succes-

sor in interest, asserting five claims under the Americans with Disabilities Act (ADA), a claim under the Utah Anti–Discriminatory Act, and a claim for intentional infliction of emotional distress. He had been diagnosed with acquired immune deficiency syndrome (AIDS) and died on June 1, 1996, from its complications.

The case is before the court on cross motions. The representative of Mr. Allred's estate, Randall Jones, filed a motion to be substituted as plaintiff, and the defendants filed a motion for partial summary judgment. The defendants argue that the discrimination claims do not survive Mr. Allred's death and, as to the claim for intentional infliction of emotional distress, his personal representative would be entitled to receive no more than the out-of-pocket expenses Mr. Allred incurred as a direct and proximate result of their allegedly unlawful conduct.

For reasons discussed more fully below, the court agrees that the ADA claims do not survive Mr. Allred's death.

## II. Discussion

■ The ADA does not address the issue of survival of causes of action. Thus, federal courts look to "the common law, as modified and changed by the constitution and statutes of the State" where the court is held, "so far as the same is not inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988. *See Slade v. United States Postal Serv.,* 952 F.2d 357, 360 (10th Cir.1991) (looking to federal common law and an Oklahoma statute regarding survival of personal injury actions, to determine that a title VII claim survived the plaintiff's death).

■■ Under federal common law, an action for a penalty abates upon the death of the plaintiff. *Ex parte Schreiber,* 110 U.S. 76, 80, 3 S.Ct. 423, 424, 28 L.Ed. 65 (1884); *Smith v. Dept. of Human Servs.,* 876 F.2d 832, 835–36 (10th Cir.1989) (claim solely for liquidated damages under the Age Discrimination in Employment Act was penal in nature and therefore did not survive the plain-

tiff's death). Accordingly, claims for punitive damages under the ADA do not survive the plaintiff's death. *Estwick v. U.S.Air Shuttle,* 950 F.Supp. 493, 498 (E.D.N.Y.1996); *Caraballo v. South Stevedoring Inc.,* 932 F.Supp. 1462, 1466 (S.D.Fla.1996).

■ In addition to punitive damages, Mr. Allred sought reinstatement or front pay, back wages, damages for emotional pain and suffering, costs and attorney fees (Complaint at 9.) To determine whether ADA claims for such relief survive the death of the plaintiff, courts look to the state's most appropriate survival statute. *See Rosenblum v. Colorado Dept. of Health,* 878 F.Supp. 1404, 1409 (D.Colo.1994) (under Colorado survival statute applicable to "tort actions based upon personal injury," ADA claims generally survived the plaintiff's death, but personal representative of the plaintiff's estate could not recover damages for pain and suffering, prospective earnings or benefits after the time of plaintiff's death).

Utah's survival statute provides:

> *Causes of action arising out of personal injury to the person . . . do not abate* upon the death of the . . . injured person. The . . . personal representatives or heirs of the person who died have a cause of action against the wrongdoer . . . for special and general damages . . .

Utah Code Ann. § 78–11–12(1)(a)(1996) (emphasis added).

■ The defendants argue that ADA claims do not survive under this statute because such claims do not "aris[e] out of personal injury." They cite two tax cases in which the Supreme Court held that amounts received by plaintiffs in settlement of their discrimination claims did not fall within the Internal Revenue Code's exclusion from gross income for "the amount of any damages received . . . on account of personal injuries or sickness." 26 U.S.C. § 104(a)(2). *Commissioner of Internal Revenue v. Schleier,* 515 U.S. 323, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995) (Age Discrimination in Employment Act claims) and *United States v. Burke,*

504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (Title VII claims).

The Supreme Court explained that exclusions to gross income under the Internal Revenue Code had to be narrowly construed. To fall within the § 104(a)(2) exclusion, a taxpayer had to show that his recovery met two tests: first, "that the underlying cause of action giving rise to the recovery is 'based upon tort or tort type rights' "; and second, "that the damages were received 'on account of personal injuries or sickness.' " *Schleier,* 515 U.S. at 337, 115 S.Ct. at 2167 (quoting § 104(a)(2)). The Court found that recovery for an age discrimination claim did not satisfy either test.

The defendants concede that ADA claims satisfy the first test because they are tort-like. However, the defendants argue that ADA claims do not satisfy the second test because they do not arise from personal injuries. (Memorandum in Support of Defendants' Motion at 7–10.)

ADA claims have often been characterized as personal injury actions for purposes of determining the most analogous statute of limitations-even subsequent to *Burke* and *Schleier. See Soignier v. American Bd. of Plastic Surgery,* 92 F.3d 547, 550 (7th Cir. 1996), *cert denied,* —— U.S. ——, 117 S.Ct. 771, 136 L.Ed.2d 716 (1997) (since claim under Title III of the ADA was "best characterized as one for personal injury," affirming district court's application of Illinois' two-year limitation on actions for personal injuries); *Doukas v. Metropolitan Life Ins., Co.,* 882 F.Supp. 1197, 1200 (D.N.H.1995) ("a claim for discrimination brought under the ADA is best characterized as a claim for personal injury"); *Doe v. County of Milwaukee,* 871 F.Supp. 1072, 1078 (E.D.Wis.1995) (regarding claims under Title II of the ADA, Wisconsin's "most applicable personal injury statute" was six-year limitation governing "injuries to character and rights"). *Cf Wagner v. Texas A & M Univ.,* 939 F.Supp. 1297 (S.D.Tex.1996) (Texas two-year limitation on tort actions applied to claim under Title II of the ADA); *Kohler v. Shenasky,* 914 F.Supp.

1206, 1209 (D.Md.1995) (Maryland's three-year limitation on general civil actions governs ADA claims).

In any event, the defendants argue that only certain kinds of personal injury claims survive under the terms of Utah's survival statute-that is, claims for *physical* injuries. (*See* Reply Memorandum at 12.)

According to *Black's Law Dictionary,* the expression "personal injury" can be used in either a broad or a narrow sense:

In a narrow sense, a hurt or damage done to a man's *person,* such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation. . . . But the term is also used (usually in statutes) in a much wider sense, and as including any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering.

*Dictionary* 786 (6th ed.1990) (emphasis in original). The statute's reference to claims "arising out of personal injury *to the person*" suggests that Utah's legislature intended the narrow sense.

The court has not found any published decision in which claims, other than those for physical injuries, have been held to survive under Utah's statute. But prior to its amendment in 1991, the statute referred to "causes of action arising out of *physical* injury to the person." Utah Code Ann. § 78–11–12 (1953, 1967 amendment, & 1977 amendment, emphasis added). *See* 1991 Utah Laws 113 (H.B.7); *Kynaston v. United States,* 717 F.2d 506, 509–511 (10th Cir.1983) (discussing effects of 1967 & 1977 amendments). Thus, claims for intentional infliction of emotional distress "probably did not survive [the plaintiff's] death as a separate cause of action." *Singer v. Wadman,* 595 F.Supp. 188, 298 n. 54 (D.Utah 1982), *aff'd* 745 F.2d 606 (10th Cir.1984), *cert. denied* 470 U.S. 1028, 105 S.Ct. 1396, 84 L.Ed.2d 785 (1985).

The fact that Utah's legislature changed the expression "physical injury" to "personal

injury" suggests that it intended more than claims for physical injury to survive. Nevertheless, the legislature did not delete the limiting phrase "to the person."

Utah courts have not yet interpreted the 1991 changes to Utah's survival statute in any published decision.[1] Moreover, the language of Utah's survival statute is unique: no other state's survival statute only permits survival of claims for "personal injuries to the person."[2]

Arizona once had a statute with similar language:

> An action to recover damages for *injuries to the person* ... shall not abate by reason of the death of the defendant.

Ariz.Code Ann. § 21–534 (1939) (emphasis added). Interpreting this statute, the Supreme Court of Arizona explained that the expression "injuries to the person" did not encompass all "personal injuries." *Reed v. Real Detective Pub. Co., Inc.,* 63 Ariz. 294, 162 P.2d 133, 136 (1945). "[T]he noun 'person' indicates a natural body, or perhaps a body corporate, and the injuries contemplated are injuries to that body." *Id.* (quoting *Corpus Juris Secundum*). The court reasoned that a claim for libel is one for injury to the reputation, not the person, and did not survive under that statute. *Id.* 162 P.2d at 137. On the other hand, a claim for invasion of privacy, "causing mental suffering to the plaintiff, is an injury to the person," and did survive. *Id.* at 139.

For purposes of legal analysis, "injuries" are often divided into three or four categories. For example, the Constitution of Utah refers to "injury done to [a person] in his person, property or reputation." Utah Const. Art. I, § 11. *Black's Law Dictio-*

*nary* defines "injury" as a "wrong or damage done to another, either in his person, rights, reputation, or property." *Id.* at 785.

■ The court believes Utah's survival statute should be construed to permit survival of claims for "personal injury to the person," as opposed to claims for injury to his rights, reputation or property.

■ As the court in *Reed* explained, an "injury to the person" is not necessarily a physical injury. It may cause the person mental suffering. However, a claim of discrimination under the ADA is not a claim for injury to the person, but an injury to his rights or reputation. *See County of Milwaukee,* 871 F.Supp. at 1078 (Wisconsin's "most applicable personal injury statute" for ADA claims was limitation in § 893.53 governing "injuries to character and rights," not § 893.54(1) governing "injuries to the person").

For these reasons, ADA claims do not survive a plaintiff's death under Utah's survival statute.

Finally, the court is not persuaded that application of Utah's survival statute would be inconsistent with the ADA's policies of deterrence and victim compensation. *See Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (Louisiana survivorship statute was not inconsistent with Constitution and laws of United States even though it caused civil rights action to abate upon the death of a plaintiff without leaving any spouse, children, parents or siblings); *Rosenblum,* 878 F.Supp. at 1409 (Colorado survivorship statute was not inconsistent with federal law even though it caused abatement of ADA claims of damages for pain and suffering and for loss of earnings

---

1. In an action for wrongful death arising out of medical malpractice, the Supreme Court of Utah noted generally that under Utah's survival statute, "a deceased person's personal injury action does not abate when that person dies, but rather survives the person's death and may be brought by the deceased's personal representatives or heirs." *Jensen v. IHC Hospitals, Inc.,* 314 Utah Ad.Rep. 24, 1997 WL 155086, slip copy at 10 n. 3, —— P.2d —— (Utah April 4, 1997).

2. The most similar survival statute is Delaware's: "No action brought to recover damages for injuries to the person by negligence or default shall abate ..." Del.Code Ann. tit. 10, § 3704 (1996). *Cf.* Oregon's survival statute: "Causes of action arising out of injuries to *a* person ... shall not abate ..." Or.Rev.Stat. § 30.075 (1995) (emphasis added).

and expenses sustained after the plaintiff's death).

### III. Order

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment on the plaintiff's ADA claims is granted and the personal representative's motion to be substituted as a plaintiff is denied. With dismissal of the plaintiff's federal claims, the remaining state law claims are dismissed for lack of subject matter jurisdiction.