Thomas PETERSEN, Plaintiff,

v.

UNIVERSITY OF WISCONSIN BOARD
OF REGENTS, Defendant.

No. 93–C–46–C.

United States District Court,
W.D. Wisconsin.

April 20, 1993.

Eugenia G. Carter, La Follette & Sinykin, Madison, WI, for Thomas A. Petersen.

Bruce Olsen, Asst. Atty. Gen., Madison, WI, for University of Wisconsin Bd. of Regents.

OPINION and ORDER

CRABB, Chief Judge.

This is a civil action for declaratory, injunctive and monetary relief brought pursuant to § 203 of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* Plaintiff asserts that defendant terminated plaintiff's employment in violation of the Act when it refused to renew his employment contract, refused to give him a merit raise, refused to restore certain employment duties and created a hostile work environment because his physical disability required an accommodation of an 80% appointment. Jurisdiction is present under 28 U.S.C. §§ 1331 and 1343(a)(4).

The case is before the court on defendant's motion to dismiss the complaint without prejudice. Defendant contends that plaintiff may not bring his claim under Title II of the Act and, even if he can, he has failed to exhaust

his required administrative remedies by not filing a charge of discrimination with the Equal Employment Opportunity Commission before bringing his claim in federal court.

In considering a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 72, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Yeksigian v. Nappi,* 900 F.2d 101, 102 (7th Cir.1990). The court may dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Although all reasonable inferences are to be drawn in favor of the plaintiff, the complaint must set forth factual allegations sufficient to establish the elements that are crucial to recovery under plaintiff's claim. *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 654 (7th Cir.1984). Legal conclusions without factual support are not sufficient. *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir.1985).

I conclude that plaintiff may bring his discrimination claim under Title II of the Americans with Disabilities Act and that he is not required to exhaust his administrative remedies prior to bringing his claim in federal court. Accordingly, defendant's motion to dismiss will be denied.

In deciding the motion to dismiss, I must take as true all of the well-pleaded allegations of the complaint. For that purpose only, I accept as true the following allegations of fact made by plaintiff in his complaint.

## ALLEGATIONS OF FACT

Plaintiff Thomas Petersen resides in Madison, Wisconsin. Defendant University of Wisconsin Board of Regents is the corporate body charged with governance of the University of Wisconsin System including the University of Wisconsin–Madison, which is an institution of higher education in Madison, Wisconsin. The University of Wisconsin–Madison employs over 25 employees and is a "public entity" as that term is defined in section 201 of the Americans with Disabilities Act, 42 U.S.C. § 12131(1). All alleged discriminatory employment practices took place in Madison, Wisconsin.

Plaintiff has been employed by the School of Business's Small Business Development Center at UW–Madison since May 1988. On August 31, 1992, plaintiff was informed that his employment contract would not be renewed for 1993–94 because his "personal needs" resulting from his disability did not mesh with the Center's needs. As a result, plaintiff will lose his job and all its benefits effective July 1, 1993. Plaintiff filed this civil complaint on January 19, 1993. Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission or any other federal or state agency prior to filing his complaint in this court.

## OPINION

Defendant's motion is limited to the following issue: whether plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission prior to bringing a Title II claim of employment discrimination in federal court.

*Titles I and II of the Americans with Disabilities Act*

Subchapter I of the Americans with Disabilities Act is titled "Employment" and provides in relevant part:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

42 U.S.C. § 12112(a). A "covered entity" is defined as "an employer, employment agency, labor organization, or joint management-committee," *see* § 12111(2), and an "employer" includes persons engaged in industry affecting commerce who have 15 or more employees. *See* § 12111(5). A "person" includes a state or other governmental agencies. *See* § 12111(7) (taking the definition of "person" from Title VII of the Civil Rights

Act, 42 U.S.C. § 2000e(a)). Defendant in this case is a state agency, *see* Wis.Stat. § 15.91, with 15 or more employees and is therefore subject to suit under Title I of the Act. Title I incorporates the procedures of Title VII of the Civil Rights Act of 1964, which require a plaintiff to file a charge with the Equal Employment Opportunity Commission prior to filing a civil claim in federal court. *See* 42 U.S.C. § 2000e–5(e) and (f)(1); *Perkins v. Silverstein,* 939 F.2d 463, 469–70 (7th Cir.1991).

Although plaintiff could have brought his claim under Title I of the Act, he chose to bring his claim under Title II of the Act entitled "Public Services." The relevant substantive provision of Title II reads:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. "Public entity" includes any state or local government and any department, agency or other instrumentality of a state or local government. 42 U.S.C. § 12131(1)(A) and (B). Unlike Title I, which adopts the procedures set forth in Title VII of the Civil Rights Act requiring exhaustion of administrative remedies, Title II adopts the remedies, rights and procedures of Section 505 of the Rehabilitation Act of 1973, which does not require exhaustion of administrative remedies and allows a plaintiff to go directly to federal court. *See Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991); 42 U.S.C. §§ 12117 and 12133 (outlining enforcement provisions of Title I and Title II respectively).

Although it is not obvious from the plain language of § 12132, the regulations issued by the Department of Justice make it clear that the prohibition against discrimination by public entities includes employment discrimination. *See* 28 C.F.R. § 35.140 ("No qualified individual with a disability shall ... be subjected to discrimination in employment under any service program, or activity conducted by a public entity."). The regulations promulgated under Title II cross-reference Title I of the Act in outlining the standards by which to judge employment discrimination under Title II of the Act:

> (b)(1) For purposes of this part, the requirements of Title I of the Act, as established by the regulations of the Equal Employment Opportunity Commission in 29 CFR part 1630, apply to employment in any service, program, or activity conducted by a public entity if that public entity is also subjected to the jurisdiction of Title I.

28 C.F.R. § 35.40. Section (b)(2) of the same regulation provides that if the public entity is not also subject to the jurisdiction of Title I, the requirements of section 504 of the Rehabilitation Act of 1973 will apply.

It is unclear from defendant's briefs whether defendant is contending that plaintiff is precluded from bringing his claim under Title II of the Act at all because his claim falls also under the purview of Title I. However, the core of defendant's argument is that whether plaintiff brings his claim under Title I or Title II, he must comply with the administrative requirements of Title I. Because defendant provides no support for the position that plaintiff is precluded from bringing his claim under Title II of the Act and because there is no language in the statute or regulations that would sustain such a position, I will address only the question whether plaintiff must exhaust his administrative remedies.

*Exhaustion of Administrative Remedies*

■ Defendant contends that plaintiff is required to file an administrative claim with the Equal Employment Opportunity Commission prior to bringing his claim in this court whether he is proceeding under Title I or Title II of the Act. Any analysis must begin with the plain language of the applicable statute. The enforcement section of Title II provides that

> [t]he remedies, procedures and rights set forth in section 794a of Title 29 [the Rehabilitation Act of 1973] shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

42 U.S.C. § 12133. There is no dispute that the Rehabilitation Act of 1973 does not re-

quire non-federal employees to exhaust administrative remedies prior to bringing a private right of action in federal court. Both the Rehabilitation Act of 1973 and Title VI of the Civil Rights Act provide only for termination of federal funding for violations of their provisions and do not explicitly address private suits.[1] Because private plaintiffs may sue under these statutes only by virtue of private rights of action implied by the courts and because they receive no effective relief through administrative channels, these plaintiffs need not resort to administrative remedies before bringing an action in court. *Smith v. Barton*, 914 F.2d at 338; *see also Neighborhood Action Coalition v. Canton*, 882 F.2d 1012, 1015 (6th Cir.1989) ("litigants need not exhaust their administrative remedies prior to bringing a Title VI claim in federal court").

Under the Americans with Disabilities Act, however, private plaintiffs can receive effective relief through administrative processes. This suggests that the reasons for not requiring exhaustion in cases brought under Title VI and the Rehabilitation Act of 1973 would not apply to cases brought under the Americans with Disabilities Act. Additionally, defendant argues that it was only to fill a gap in coverage left by Title I for employers with fewer than 15 employees that Congress included a specific employment provision in Title II of the Act despite the coverage for most employment discrimination by public entities under Title I. By including an employment provision in Title II, Congress ensured that all public employers, regardless of size, would be subject to the provisions of the Act beginning January 26, 1992. *See* 56 Fed.Reg. 35707–08 (July 26, 1991) (explaining that cross-reference to standards of Title I in 28 C.F.R. § 35.140 was to cover employment practices of all public entities beginning January 26, 1992); Bonnie P. Tucker and Bruce A. Goldstein, *Legal Rights of Persons with Disabilities* 23:5 (1992).

■ Defendant argues that this court should not allow the brief employment section in Title II to create an exception to the elaborate employment provisions in Title I requiring exhaustion of administrative reme-

dies in a case such as this in which plaintiff could bring his claim under either Title I or Title II. However logical such an argument may be, the statute itself is at least ambiguous on this point. In the face of this ambiguity, it is necessary to look to the regulations promulgated by the Department of Justice, whose interpretation of Title II of the Act is entitled to controlling weight. *Chevron U.S.A., Inc. v. Natural Resources Defense Counsel*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984) (when a statute is ambiguous with respect to a specific issue, "the question for the court is whether the agency's answer is based on a permissible construction of the statute"); *United States v. 25 Cases*, 942 F.2d 1179, 1182 (7th Cir.1991). The Department of Justice regulations interpreting Title II of the Act provide specifically that although federal agencies are available to hear claims under the Act, litigants are not required to file with these agencies prior to filing in federal court.

Subpart F of the regulations governing Title II of the Act sets forth compliance procedures for administrative enforcement of the Act. That subpart explains in detail the jurisdiction over claims under the Act of both the Equal Employment Opportunity Commission and the Department of Justice. 28 C.F.R. §§ 35.170–178. However, the Department of Justice's analysis of Subpart F states clearly that available administrative channels under Title II of the Act are optional and that plaintiffs may proceed directly to federal court if they choose to do so. The Appendix to Subpart F quotes the relevant portion of the House report: "[C]onsistent with section 504 [of the Rehabilitation Act of 1973], it is not the Committee's intent that persons with disabilities need to exhaust Federal administrative remedies before exercising their private right of action." Appendix A to Subpart F of Part 35 (quoting House Education and Labor report at 98 and also citing S.Rep. No. 116, 101st Cong., 1st Sess. at 57–78 (1989)). Also in the Appendix to Subpart F, in an analysis of 28 C.F.R. § 35.-172 governing resolution of complaints, the regulations restate the rule of no exhaustion:

The Act requires the Department of Justice to establish administrative procedures

---

1. The Rehabilitation Act of 1973 adopts the remedies, procedures and rights of Title VI of the

Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq. See* 29 U.S.C. § 794a(a)(2).

for resolution of complaints, but does not require complainants to exhaust these administrative remedies. The Committee Report makes clear that Congress intended to provide a private right of action with the full panoply of remedies for individual victims of discrimination. Because the Act does not require exhaustion of administrative remedies, the complainant may elect to proceed with a private suit at any time. Appendix A to 28 C.F.R. § 35.172. *See also* Title II Technical Assistance Manual, U.S. Department of Justice, Civil Rights Division, Office on the Americans with Disabilities Act at 48 ("The ADA does not require complainants to exhaust administrative remedies prior to instituting litigation").

Defendant urges the court to disregard these Department of Justice regulations and focus instead on 28 C.F.R. § 35.140(b)(1), which reads:

> For purposes of this part, the requirements of Title I of the Act, as established by the regulations of the Equal Employment Opportunity Commission in 29 C.F.R. part 1630, apply to employment in any service, program, or activity conducted by a public entity if that public entity is also subject to the jurisdiction of Title I.

Defendant interprets this language as imposing the procedural requirements of Title I on all plaintiffs attempting to bring a Title II claim against a public entity that is subject also to the requirements of Title I. However, I conclude that the relevant Equal Employment Opportunity Commission regulations found in 29 C.F.R. part 1630, to which 28 C.F.R. § 35.140(b)(1) refers, impose only the substantive requirements of the Title I employment provisions on Title II defendants rather than imposing Title I procedural requirements on Title II plaintiffs.

Part 1630 of the Equal Employment Opportunity Commission regulations interpreting Title I of the Act covers the purpose of the Act, definitions, unlawful activities by covered entities, defenses and specific activities permitted. *See* 29 C.F.R. §§ 1630.1–1630.16. It does not contain any reference to exhaustion of administrative remedies or any other procedural requirements to be imposed on plaintiffs. Instead the regulations that address processing administrative complaints

under Title I of the Act are contained in a separate section of the Equal Employment Opportunity Commission regulations. *See* 29 C.F.R. Part 1641. It is unlikely that if the Department of Justice had meant the procedural requirements of Title I of the Act to apply to claims of employment discrimination brought under Title II, it would have referred explicitly to only the part of the Equal Employment Opportunity Commission regulations governing substantive requirements imposed on defendants and neglected to refer to the part of the regulations that address procedural requirements imposed on plaintiffs.

Apart from the language of the Act, the regulations interpreting the Act and the legislative history, there is scant information to aid in the resolution of this issue. I am aware of no court that has addressed the exhaustion issue directly as it relates to Title II. On the basis of the ambiguity of the statute and the substantial weight I must give to the regulations promulgated by the Department of Justice, I conclude that plaintiff need not exhaust his administrative remedies prior to bringing his claim under Title II of the Act in this court. Accordingly, defendant's motion to dismiss the complaint without prejudice will be denied.

### ORDER

IT IS ORDERED that defendant's motion to dismiss plaintiff's complaint without prejudice is DENIED.