**Frank OSBORN, Plaintiff,**

v.

**E.J. BRACH, INC. and John Klepper, Defendants.**

No. 94 C 1999.

United States District Court,
N.D. Illinois,
Eastern Division.

June 29, 1994.

**57**

Frank Osborn, pro se.

Kenneth Roy Dolin, Brenda J. Murphy, Jenner & Block, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Frank Osborn has filed this pro se suit against E.J. Brach Corporation and John Klepper. Although difficult to decipher, it appears that Osborn is alleging that defendants wrongfully refused to allow him to return to his regular job after assigning him light duty in the wake of an injury. Moreover, Osborn complains that defendants failed to follow procedures for reassignment set forth in the relevant collective bargaining agreements. Defendants seek to dismiss the complaint in its entirety, arguing that (1) to the extent Osborn seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, he has failed to comply with the prerequisites for filing suit, and (2) to the extent Osborn seeks to state a claim under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, his claim is untimely. For the following reasons, we grant defendants' motion and dismiss this action.

### I. Factual Background

Given the muddled nature of Osborn's pleadings, the facts of this case are less than clear. As best we can discern, before early 1992, Osborn was a building engineer for Brach. Due to an unspecified injury, he was placed on light duty as an elevator operator. However, on April 7, 1992, Osborn received a release from his doctor indicating that he could return to a modified work schedule. Although John Klepper, the Labor Relations Manager, allegedly accepted the release, Osborn claims that Klepper refused to return him to his original job. According to Osborn, Klepper was unsure whether Osborn was capable of performing the work.

As an alternative, Klepper proposed that Osborn fill a vacancy recently created by a co-worker's retirement. Although the job paid the same, Osborn was reluctant and informed Klepper that he would only take the job if Klepper posted the opening as a permanent position and permitted bidding, as required under the collective bargaining agreement. Klepper complied, but required Osborn to stay on light duty (which involved fewer hours at a lower hourly rate) until the bidding process was completed (approximately one month).

Osborn objected to this treatment and filed a grievance to recover the pay differential, which was not supported by the union. On July 10, 1992, Osborn filed a complaint with the City of Chicago Commission on Human Relations, which dismissed his claim for lack of substantial evidence and further denied his request for review. Osborn has not alleged, nor is there any indication, that he ever filed a charge with either the Equal Employment Opportunity Commission or with the Illinois Department of Human Relations.

### II. Discussion

Although Osborn neglects to set forth the basis for his claim, defendants have gamely attempted to identify the probable statutory underpinnings of his complaint. Defendants conclude that Osborn most likely seeks to recover damages under the ADA.[1] Alterna-

---

1. Osborn alleges that Klepper's actions were discriminatory and that he "unfairly used [Osborn's] injury as an excuse to make [Osborn] lose money for his own unknown justification." Cmplt. at 2.

tively, defendants suggest that Osborn might be trying to state a claim under § 301 of the LMRA.[2] Significantly, Osborn does not challenge either of these characterizations of his suit. Accordingly, we will evaluate defendants' motion as presented—i.e. as a motion to dismiss claims filed under the ADA and § 301 of the LMRA.

## A. ADA

Defendants argue that, as with Title VII claims, a prerequisite to suit under the ADA is the filing of a timely charge with the EEOC and the receipt of a right to sue letter. In support, defendants point to the ADA itself, which adopts the procedures set forth in Title VII. See 42 U.S.C. § 12117(a).[3] Among those procedures adopted by the ADA, is § 2000e–5, which provides that a plaintiff must file a timely charge with the EEOC and receive a right-to-sue letter before filing a civil suit. See E.E.O.C. v. Harris Chernin, Inc., 10 F.3d 1286, 1288 n. 3 (7th Cir.1993) ("In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right–To–Sue–Letter, and act upon it.") (citing, Alexander v. Gardner–Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)).

■ Although neither the Seventh Circuit nor the District Courts of the Northern District of Illinois have directly · addressed this issue, several other District Courts have ruled that § 12117(a) acts to make the filing of a timely EEOC charge and the receipt of a right to sue letter prerequisites to suit under the ADA. See Kent v. Director, Missouri Dept. of Elementary and Secondary Edu-

cation, 792 F.Supp. 59, 61–62 (E.D.Mo.1992) (because ADA adopted Title VII procedures, including § 2000e–5(f)(1), ADA claim time-barred where plaintiff failed to file timely EEOC charge); Sherman v. Optical Imaging Systems, Inc., 843 F.Supp. 1168, 1179–80 (E.D.Mich.1994) (same). Indeed, the language of § 12117(a) is clear and the procedure is equally sensible in the ADA context as in the Title VII universe. Accordingly, we find that, before filing a civil suit, a claimant must file a timely EEOC charge and receive a right-to-sue letter. Here, Osborn neither alleges that he has filed a charge with the EEOC, nor does he attach a right to sue letter from that agency. Without either of these, Osborn fails to satisfy prerequisites to suit under the ADA and we dismiss his claim.[4]

## B. § 301 of the LMRA

■ It may also be that Osborn seeks to recover under § 301 of the LMRA. In his complaint, Osborn accuses defendants of punishing him for asserting his rights under the collective bargaining agreement (i.e. for forcing Keppler to comply with the notice and bid procedure). Additionally, Osborn bemoans his union's refusal to support him when he filed a grievance. However, if Osborn is attempting to state a claim under § 301 of the LMRA, he runs afoul of the statute of limitations. The Supreme Court has ruled that hybrid § 301 claims (that is, actions against an employer for breaching the collective bargaining agreement and against the union for breaching it duty of fair representation under the agreement's dispute resolution procedures) must be brought

2. Osborn alleges:
   I filed a grievance but the Union wouldn't back me up, [sic] said it wasn't a winning case. They don't fight for their members like they should!
   Cmplt. at 2.

3. In relevant part, 42 U.S.C. § 12117(a) reads:
   The powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter....

4. Moreover, given the 180–day limitation for filing with the EEOC or with a state agency, it appears that Osborn, who complains of events from April, 1992, can no longer file a timely charge. Nor does the complaint lodged with the Chicago Commission on Human Relations salvage Osborn's case. At most, filing a timely charge with a state or local agency with which the EEOC has a work-sharing agreement will extend the limitation period to 300 days. However, not only does the EEOC not have a work-sharing agreement with the Chicago Commission on Human Relations, see 29 C.F.R. § 1601.74(a), but the relevant events here occurred more than 300 days ago.

within six months.[5]  *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 168–72, 103 S.Ct. 2281, 2293–94, 76 L.Ed.2d 476 (1983).  *See also Pantoja v. Holland Motor Exp., Inc.*, 965 F.2d 323 (7th Cir.1992).  Because this limitations period expired over a year ago, any such putative claim must be dismissed.[6]

### III.  Conclusion

Since we can discern no cause of action that is either compliant with statutory prerequisites or timely, we grant defendants' motion and dismiss the complaint in its entirety.  It is so ordered.

---

**5.**  This claim would seem to be a hybrid claim because, although Osborn is only suing his employer, he alleges a cause of action against his union for unfair representation and the case to be proven is the same whether he sues the employer, the union, or both.  *See Livingstone v. Schnuck Market, Inc.*, 950 F.2d 579, 582 (8th Cir.1991) (regardless of who employee sues, hybrid action is one in which the employee has cause of action against both employer and union and two claims are inextricably linked).

**6.**  Even if Osborn's cause of action is said to have accrued at the time the union rejected the grievance, it falls outside the statute of limitations.