Scot L. ZIMMERMAN, Plaintiff,

v.

STATE OF OREGON DEPARTMENT
OF JUSTICE, Defendant.

No. CV 97–959–PA.

United States District Court,
D. Oregon.

Oct. 31, 1997.

John L. Schilling, Blake & Schilling, Lake Oswego, OR, for Plaintiff.

Michael D. Reynolds, Dept. of Justice, Appellate Div., Salem, OR, Jenifer M. Johnston, City Attorney's Office, Portland, OR, for Defendant.

## ORDER

PANNER, District Judge.

Plaintiff Scot L. Zimmerman brings this employment discrimination action against defendant Oregon Department of Justice. Plaintiff alleges that defendant failed to accommodate his poor eyesight while training him to work as a child support agent. Plaintiff brings claims under the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. §§ 12101 to 12213, and state law.

Defendant moves to dismiss for failure to state a claim and lack of subject matter jurisdiction. I grant the motion.

### BACKGROUND

Plaintiff alleges that he began working for defendant on June 21, 1995, as a trial employee. Defendant discharged him on December 18, 1995, when he refused defendant's request that he remain on trial service.

After the state Employment Department denied unemployment benefits, plaintiff requested administrative review. The Employment Department initially denied plaintiff's claim, which included allegations of discrimination, on April 19, 1996.[1] After a hearing,

the Employment Department again denied plaintiff's claim on June 19, 1996.

On December 18, 1996, plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI). Johnston Affid., Attach. B.[2] Plaintiff later withdrew the BOLI complaint and filed this action on June 23, 1997.

### STANDARDS

The court should not grant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no facts in support of the claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court should construe the complaint in the light most favorable to the plaintiff. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir.1983).

■ A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989).

### DISCUSSION

I. Failure to File Timely Complaint With BOLI

■ Defendant moves to dismiss plaintiff's first two claims, which are under Title I of the ADA, 42 U.S.C. §§ 12111 to 12117, because plaintiff filed his complaint with BOLI more than 300 days after his alleged discharge. To bring an action in federal court for employment discrimination under Title I of the ADA, a person first must file a charge of discrimination with the federal Equal Employment Opportunity Commission (EEOC) or with a state or local agency able to grant relief from the unlawful employment practice. See 42 U.S.C. § 12117(a) (adopting Title VII's filing requirements, which are set

---

1. I will accept these dates as true. Plaintiff asserts them in his response brief but not in the complaint.

2. Plaintiff did not allege the date of the BOLI filing in his complaint. However, plaintiff does not dispute that the date was December 18, 1996. *See* Pltf.'s Memo. in Support at 2 ("Plaintiff also filed a Complaint with the Civil Rights Division of the State of Oregon on December 18, 1996.").

forth in 42 U.S.C. § 2000e–5(e)(1)). There is a 180–day deadline for filing discrimination charges with the EEOC and a 300–day deadline for filing charges with the state or local agency. 42 U.S.C. § 2000e–5(e)(1). The filing deadline acts as a statute of limitations and failure to file a timely charge bars a subsequent action in federal court. *Delaware State College v. Ricks,* 449 U.S. 250, 256–57, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980).

Here, plaintiff was discharged on December 18, 1995, and did not file a charge of discrimination with BOLI until December 18, 1996, well past the 300–day deadline. Plaintiff contends that he beat the deadline by filing his claim for unemployment benefits, which included allegations of discrimination, within 300 days.

I find no support for plaintiff's contention that filing a claim for unemployment benefits with the state Employment Department can be considered the equivalent of filing a claim with BOLI, even if the claim includes charges of discrimination. Cf. *Williams v. Board of Educ.,* 972 F.Supp. 248, 250 (S.D.N.Y.1997) (filing complaint with U.S. Dep't of Education Office of Civil Rights not equivalent to filing with the EEOC or a state or local agency). Plaintiff does not dispute that BOLI, not the Employment Department, has a memorandum of understanding with the EEOC to accept discrimination claims. The Employment Department's jurisdiction is over unemployment insurance and compensation, not discrimination against disabled employees. *Compare* ORS 657.601 (legislature established Employment Department to "[a]dminister the unemployment laws," "[p]rovide for the operation of a statewide employment service," manage an information system on the state labor market, and "[p]rovide child care advocacy ... ") *with* ORS 659.435 (legislature grants Commissioner of BOLI enforcement powers to correct discrimination against disabled persons).

Plaintiff also has not shown grounds for equitable tolling. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) (courts have allowed equitable tolling when the claimant

filed defective pleading during statutory period or was induced by the defendant's misconduct into missing the filing deadline, but not when the claimant fails to exercise due diligence); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151–52, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984) (claimant who fails to act diligently cannot invoke equitable principles to excuse lack of diligence). Plaintiff's first two claims must be dismissed for failure to file a timely complaint with BOLI.

II. Employment Discrimination Claim under Title II of the ADA

■ Plaintiff's third claim is under Title II of the ADA, 42 U.S.C. §§ 12131 to 12134. Defendant moves to dismiss, contending that Title II does not create a cause of action for employment discrimination.

The Ninth Circuit has not addressed this issue. The Justice Department interprets Title II as prohibiting employment discrimination,[3] while courts addressing the issue are split, with a majority agreeing with the Justice Department. *See Bledsoe v. Palm Beach Soil and Water Conservation Dist.,* 942 F.Supp. 1439, 1443 (S.D.Fla.1996) (collecting cases and concluding that although a majority hold that Title II creates a cause of action for employment discrimination, majority view is inconsistent with the ADA); *Dominguez v. City of Council Bluffs,* 974 F.Supp. 732, at 736 (S.D.Iowa 1997) (noting split of authority and following majority view).

I reject plaintiff's interpretation of Title II because it is inconsistent with the structure of the ADA as a whole. In Title I, Congress created a comprehensive scheme prohibiting employment discrimination. In Title II, headed "Public Services," Congress prohibited governments from discriminating against disabled persons in providing services such as public transportation or parks. *See* 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."); *Bled-*

---

**3.** 28 C.F.R. § 35.140(a) ("No qualified individual with a disability shall, on the basis of disability, be subjected to discrimination in employment under any service, program, or activity conducted by a public entity.").

*soe,* 942 F.Supp. at 1443–44. Allowing employment discrimination claims under Title II would make Title I almost completely redundant as applied to public employees.[4] After establishing a comprehensive statutory scheme in Title I to prohibit discrimination by both public and private employers, why would Congress then create a vague implied remedy for employment discrimination, available only to public employees? *But see Winfrey v. City of Chicago,* 957 F.Supp. 1014, 1023 (N.D.Ill.1997) (speculating that Congress may have considered notice of employees' claims unnecessary for public employers and concluding that majority view not "so absurd as to require a different construction of the statute"). Public employees would have no reason to bring discrimination claims under Title I if Title II allowed them to take claims directly to federal court without exhausting administrative remedies. *Bledsoe,* 942 F.Supp. at 1445.

The wording of Title II also does not support plaintiff's argument. As courts on both sides of the dispute have noted, Title II does not address employment. *Bledsoe,* 942 F.Supp. at 1444; *Petersen v. University of Wisconsin Bd. of Regents,* 818 F.Supp. 1276, 1278 (W.D.Wis.1993) (coverage of employment discrimination "is not obvious from the plain language"; finding coverage based on Justice Department rule). One could broadly construe the phrase "services, programs, or activities of a public entity" to include employment. However, that reading ignores Title I's specific coverage of employment discrimination. See *Decker v. University of Houston,* 970 F.Supp. 575, 578 (S.D.Tex. 1997).

■ Plaintiff argues that I should accept the Justice Department's interpretation of Title II. However, courts are the final authorities on statutory construction, and a court must reject an agency construction that is inconsistent with the statutory mandate. *Vance v. Hegstrom,* 793 F.2d 1018, 1023 (9th Cir.1986). The Justice Department's regulations are inconsistent with Title II and the entire ADA. *See Bledsoe,* 942 F.Supp. at 1448–49.

I conclude that Title II does not cover employment discrimination. Accepting plaintiff's position would create a "completely bewildering" statutory scheme:

> Both Title I and Title[ ] II apply to employment, although Title II says nothing at all on the subject and Title I lays out a comprehensive scheme to deal with employment issues; Title I says an employer must hire 15 employees to be sued for employment discrimination, but you can get around this under Title II if your employer is an arm of the State; Title I says you must exhaust administrative remedies, but you can ignore this requirement too if you are employed by the State. If this is really what Congress meant, then the ADA surely must rank as one of the great drafting debacles of recent times.

*Bledsoe,* 942 F.Supp. at 1445–46. Plaintiff's third claim must be dismissed for failure to state a claim.

## III. Eleventh Amendment Immunity

■ Defendant moves to dismiss plaintiff's fourth claim, which is under ORS 659.425, contending that the Eleventh Amendment bars the claim from being heard in federal court. I agree.

■ The Eleventh Amendment protects a state from suit by its own citizens in federal court. *Clark v. State of California,* 123 F.3d 1267, 1269 (9th Cir.1997). A state may lose its Eleventh Amendment immunity in two ways: Congress can abrogate it by statute, or the state itself may choose to waive it. *Id.*

Plaintiff argues, correctly, that Congress abrogated Oregon's Eleventh Amendment immunity for claims brought under the ADA. *See id.* at 1269–70. However, that abrogation applies only to claims under the ADA. The potential for supplemental federal jurisdiction over state law claims cannot abrogate a state's Eleventh Amendment immunity.

■ The other exception to Eleventh Amendment immunity, waiver by the state, also does not apply here. The court may find a waiver only when expressly stated or

---

4. Title I applies to employers with fifteen or more employees, while Title II applies to all governmental entities, regardless of size or number of employees.

"by such overwhelming implication" as to leave no other reasonable interpretation possible. *See Micomonaco v. State of Washington,* 45 F.3d 316, 319 (9th Cir.1995). "[F]or a state statute to constitute waiver of Eleventh Amendment immunity, the statute at issue must specify the state's intention to be sued in federal court, because the state has a constitutional interest in where it may be sued." *Id.* The statute at issue here contains no waiver, express or implied, of Eleventh Amendment immunity. I dismiss plaintiff's state law claim for lack of subject matter jurisdiction.

## CONCLUSION

Defendant's motion to dismiss (# 8) is granted.